NUMBER 13-02-386-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG




MAXIMILIANO HERRERA, RICHARD WOODCROFT, Appellants,

LORETTA TAMM, NINA VAUGHAN AND 

SANDRA MORENO, 

v.


NORRIS L. SPENCER, Appellee.





On appeal from the 156th District Court


of Bee County, Texas.






 M E M O R A N D U M O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


 Opinion by Chief Justice Valdez 


 Norris Spencer, an inmate proceeding pro se and in forma pauperis, brought suit
against several members of the medical staff at the McConnell Unit of the Texas
Department of Criminal Justice, Institutional Division, pursuant to 42 U.S.C. § 1983
(2003), alleging civil rights violations under the Eighth and Fourteenth Amendments
to the United States Constitution through deliberate indifference to his serious medical
needs. Appellants Maximiliano Herrera, Richard Woodcroft, Loretta Tamm, Nina
Vaughan, and Sondra Moreno, as members of the medical staff, moved for summary
judgment based on, inter alia, the affirmative defenses of official and qualified
immunity. The trial court denied these appellants' motion for summary judgment. We
reverse and remand this matter to the trial court for proceedings consistent with this
opinion. 

Jurisdiction


 Generally, a party may not appeal the denial of a summary judgment. Scott v.
Britton, 16 S.W.3d 173, 176 (Tex. App.-Houston [1st Dist.] 2000, no pet.). 
However, this interlocutory appeal is authorized by the civil practice and remedies code
as a denial of a motion for summary judgment based on the assertion of immunity by
individuals who are officers or employees of the State or a political subdivision of the
State. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (Vernon Supp. 2003). 

Standard of Review


 In a summary judgement, the movant has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001). In deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true. Id. Every reasonable inference must be indulged in
favor of the nonmovant, and any doubts must be resolved in favor of the nonmovant. 
Id. When a defendant moves for summary judgment on its affirmative defense, it must
either conclusively negate an element from each of the plaintiff's causes of action or
conclusively establish every element of an affirmative defense. Id. 

Background


 This is a memorandum opinion. See Tex. R. App. P. 47.4. The parties are
familiar with the factual and procedural background underlying this appeal, therefore,
we will not recite the details herein except as necessary to advise the parties of the
Court's decision and the basic reasons for the decision. See id. 

 Spencer was seen and treated by the medical professionals at the McConnell
Unit of the Texas Department of Criminal Justice, Institutional Division on March 14,
16, 18, 22, 23, 24, 25, 28, 29, 30, and 31, and April 3, 2000, for numerous
complaints including abdominal pain, constipation, the possible ingestion of another
inmate's psychiatric drugs, stroke-like symptoms, muscle spasms, and dizziness. In
the course of his treatment, Spencer received physical evaluations, various
medications, cell passes to excuse him from work, regular blood pressure readings,
and a psychological evaluation. On April 3, 2000, Spencer was taken to the medical
unit by stretcher because he had passed out. A blood test revealed an unusually high
blood sugar level, and Spencer was ultimately diagnosed with diabetes. 

 Spencer filed suit against the medical staff who treated him, alleging that their
failure to properly and timely diagnose and treat his diabetes violated his civil rights
under the Eighth and Fourteenth Amendments to the United States Constitution
through deliberate indifference to his serious medical needs. 42 U.S.C. § 1983. 

Analysis


 In their first issue, appellants argue that Spencer's claims against them are
barred because appellants, in their official capacities, do not constitute "persons"
under section 1983 of the United States Code. 42 U.S.C. § 1983. We agree. In
considering this issue, the United States Supreme Court has held that "neither a State
nor its officials acting in their official capacities are 'persons' under section 1983." 
Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989); see Tex. Dep't of Pub.
Safety v. Petta, 44 S.W.3d 575, 581 (Tex. 2001). A suit against an official in his
official capacity is not a suit against the official, but is rather a suit against the State. 
Will, 491 U.S. at 71; Tex. Dep't of Pub. Safety, 44 S.W.3d at 581. Therefore,
appellants, in their official capacities, are entitled to summary judgment on Spencer's
section 1983 claims. Scott, 16 S.W.3d at 180. We sustain appellants' first issue.

 In their second issue, appellants argue that they are entitled to qualified
immunity regarding Spencer's claims against them in their individual capacities. In
deciding whether appellants are entitled to qualified immunity, we apply a bifurcated
analysis. Saucier v. Katz, 533 U.S. 194, 201 (2001). First, we determine whether
the appellants' alleged conduct violated a constitutional right. Id. Second, we
determine whether the right was clearly established; that is, whether it would be clear
to a reasonable official that his conduct violated that right. Id. 

 Spencer alleges that the appellants demonstrated deliberate indifference to his
medical needs in violation of his Eighth and Fourteenth Amendment rights. Deliberate
indifference to a substantial risk of serious harm to an inmate violates the Eighth
Amendment as cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104
(1976). For an inmate to establish a claim of deliberate indifference under the
constitution, the inmate must show that the official knows of and disregards an
excessive risk to the inmate's health and safety. See Farmer v. Brennan, 511 U.S.
825, 837 (1994); Estelle, 429 U.S. at 105-07; Scott, 16 S.W.3d at 181. The official
must both be aware of facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also draw the inference. Farmer,
511 U.S. at 837; Scott, 16 S.W.3d at 181. Proof of deliberate indifference requires
a showing of subjective recklessness. Farmer, 511 U.S. at 839; Scott, 16 S.W.3d at
181. Mere negligence will not suffice to show deliberate indifference, Wilson v.
Seiter, 501 U.S. 294, 302 (1991), nor will an "ordinary lack of due care." Whitley v.
Albers, 475 U.S. 312, 319 (1986).

 Indulging all reasonable inferences in favor of Spencer and taking all evidence
favorable to him as true, we conclude that appellants have met their burden of
showing that there is no genuine issue of material fact and that they are entitled to
judgment as a matter of law on the issue of qualified immunity. Shah, 67 S.W.3d at
842. The summary judgment evidence does not indicate that appellants were
deliberately indifferent to appellant's claimed, serious, medical needs. According to
the summary judgment affidavit of Dr. Josephine Session, appellant's complaints, such
as high blood pressure, muscle spasms, insomnia, fatigue, and dizziness were non-specific and were "not indicative" of diabetes. Each time that Spencer was seen and
treated, he received proper medical care. According to Session, the medical
evaluations and treatment that Spencer received were appropriate in light of the
symptoms that he described to the medical staff. 

 The summary judgment evidence does not indicate that appellants knew of,
yet disregarded a substantial risk of serious harm to Spencer; therefore, Spencer has
not demonstrated deliberate indifference to his medical needs in violation of his
constitutional rights. Saucier, 533 U.S. at 201; Scott, 16 S.W.3d at 181-82. Having
failed to find such a violation, our analysis is complete. Saucier, 533 U.S. at 201. 
Appellants, in their individual capacities, are entitled to qualified immunity from
Spencer's claims. We sustain appellants' second issue. 

 We reverse the judgment of the trial court and remand this case to the trial court
for entry of judgment and further proceedings consistent with this opinion. 


 

 Rogelio Valdez,

 Chief Justice


 

Opinion delivered and filed

this 16th day of October, 2003.